**FILED**

OCT 2 2 2024

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

**ARMANDO G. PULIDO**
**2700 MADERA AVE**
**ODESSA, TX 79764**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

ARMANDO G. PULIDO )  Case No.: 7:24-cv-267
    PLAINTIFF )
           )
    Vs. )
           )  **COMPLAINT**
           )
GOODLEAP LLC, FORMERLY KNOWN )
AS LOANPAL LLC, NEXBANK, )  Date:
SERVBANK, NEXBANK'S ATTORNEYS )  Time:
ANTHONY A. GARCIA AND DOMINIQUE )  Dept:
VARNER )
           )
    DEFENDANTS )

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), as the claims arise under federal law.

2.    Venue is proper in this District under 28 U.S.C. § 1391 because the property at issue is located in Odessa, Texas, and the actions giving rise to this lawsuit occurred within this District.

**II. PARTIES**

1.    Plaintiff: Armando Pulido, a resident of Odessa, Texas, and the homeowner and borrower who entered into a line of credit agreement with Loanpal LLC (now GoodLeap LLC).

2.    Defendant GoodLeap LLC, **formerly known as Loanpal LLC**: A limited liability company based in Roseville, California, that provided Plaintiff with a line of credit for home improvement financing under its previous name, Loanpal LLC.

3.    Defendant NexBank: A financial institution that attempted to foreclose on Plaintiff's property without proper standing after assigning its interest to Defendant ServBank.

COMPLAINT

4.     Defendant ServBank: The assignee of the deed of trust from NexBank, holding an interest in the subject property.

5.     Defendant Nexbank's Attorney's Anthony A. Garcia and Dominique Varner: The attorneys representing NexBank in foreclosure proceedings, who knowingly misrepresented the facts and continued the foreclosure despite knowing that NexBank lacked standing.

**III. STATEMENT OF FACTS**

1.     On or around June 15, 2020, Plaintiff entered into a line of credit agreement with Loanpal LLC (now GoodLeap LLC) for financing related to home improvements, including solar panel installation.

2.     Loanpal LLC, now GoodLeap LLC, failed to properly provide Plaintiff and his wife with the necessary disclosures required under TILA (15 U.S.C. § 1635), including separate Notices of Right to Cancel. Only one notice was provided jointly to Plaintiff and his wife, violating federal regulations under Regulation Z (12 C.F.R. § 226.23(b)(1)).

*Exhibit C:* The single notice provided by Loanpal LLC is attached to this Complaint.

3.     Upon discovering this violation, Plaintiff exercised his right to rescind the loan under TILA's extended three-year period for rescission due to improper disclosures.

4.     Despite Plaintiff's valid rescission, Loanpal LLC (now GoodLeap LLC) refused to acknowledge the rescission and did not return the loan proceeds within the 20-day statutory period mandated by 15 U.S.C. § 1635(b).

*Exhibit D:* Plaintiff's written cancellation notice and proof of sending are attached as supporting evidence.

5.     On August 19, 2024, NexBank assigned its interest in the mortgage to ServBank. Despite this transfer, NexBank proceeded to initiate foreclosure proceedings against Plaintiff's property,

although it no longer held any legal right or standing to do so.

**Exhibit B:** The assignment from NexBank to ServBank is attached.

6.     NexBank, with the assistance of its attorney, misled the state court by continuing to proceed with the foreclosure, knowing that it has no legal standing after the assignment.

7.     Plaintiff has suffered severe emotional and financial harm due to GoodLeap LLC's failure to comply with federal regulations, and NexBank's attorney knowingly participated in wrongful foreclosure proceedings based on fraudulent information. Plaintiff now seeks damages against both NexBank and its attorney for their misconduct.

## IV. CAUSES OF ACTION

## COUNT I - VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

1.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

2.     GoodLeap LLC violated TILA (15 U.S.C. § 1635) by failing to provide the proper Notices of Right to Cancel to Plaintiff and his wife. Under TILA and Regulation Z, each borrower must receive two copies of the Notice, which Loanpal LLC failed to provide.

3.     Based on the precedent set in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), Plaintiff's right to rescind the loan was effective upon giving notice. GoodLeap LLC's refusal to acknowledge this rescission constitutes a violation of federal law.

## COUNT II - BREACH OF CONTRACT

1.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

2.     GoodLeap LLC entered into a line of credit agreement with Plaintiff, which included statutory rights to rescind the transaction.

3.     By refusing to honor Plaintiff's rescission notice and failing to return the loan proceeds, GoodLeap LLC breached its contractual obligations under federal law.

## COUNT III - UNLAWFUL FORECLOSURE

COMPLAINT

1. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

2. NexBank initiated foreclosure proceedings despite having transferred its interest to ServBank, thereby lacking standing to foreclose on Plaintiff's property.

3. NexBank's attorney knowingly assisted in filing fraudulent documents and misleading the state court. Plaintiff seeks damages for this fraudulent conduct.

**V. DAMAGES**

1. Plaintiff seeks the following damages:

**Compensatory Damages**: $150,000 for financial losses incurred due to GoodLeap LLC's TILA violations and NexBank's wrongful foreclosure attempts. In *Wells Fargo Bank, N.A. v. Robinson*, the Texas court awarded compensatory damages for wrongful foreclosure. In *Ray v. Bank of America, N.A.*, the court awarded compensatory damages for financial hardship due to improper foreclosure.

**Emotional Distress Damages:** $225,000 for the severe emotional harm caused by Defendants' unlawful actions. In *Jones v. Deutsche Bank* (**Texas case**), emotional distress damages were awarded for stress and mental anguish caused by wrongful foreclosure proceedings, such as anxiety, loss of sleep, and significant emotional harm. In *Shameka M. v. Dep't of Veterans Affairs*, emotional distress damages of $225,000 were awarded for prolonged emotional suffering

**Punitive Damages:** $1,500,000 to punish GoodLeap LLC for willfully violating TILA and NexBank for pursuing foreclosure despite lacking standing. **In *Long v. Deutsche Bank*,** punitive damages were awarded in Texas for foreclosure conducted with gross negligence or malice. In *Dep't of the Treasury v. Internal Revenue Service*, punitive damages of $1,500,000 were awarded for severe violations

.**Attorney and Litigation Misconduct Damages:** An additional $500,000 against NexBank's attorney for knowingly engaging in fraudulent conduct and misleading the court, contributing to the wrongful foreclosure proceedings. Fraudulently misleading a court is not only a violation of ethical duties but can result in severe penalties. As such, Plaintiff seeks these damages to ensure accountability for these fraudulent acts.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Plaintiff validly rescinded the loan under TILA and that GoodLeap LLC is required to cancel the security interest and return all funds paid.

B. Enjoin NexBank and ServBank from pursuing any foreclosure actions against Plaintiff's property.

C. Award Plaintiff compensatory, emotional distress, punitive damages, and damages for fraudulent conduct by NexBank's attorney as outlined above.

D. Award Plaintiff attorney's fees and costs as permitted under TILA and other applicable law.

E. Grant any further relief the Court deems just and equitable.

Additional Supporting Cases:

**Farkas v. Ocwen Loan Servicing:** This case dealt with a foreclosure proceeding initiated without proper legal standing, as Ocwen did not prove ownership of the mortgage note at the time of foreclosure. The court ruled in favor of the homeowner, nullifying the foreclosure and emphasizing the importance of proving legal standing before moving forward

**Angelini v. HSBC Bank:** HSBC Bank was found to have wrongfully initiated foreclosure without sufficient proof that it held the mortgage note. The Texas appellate court reversed the foreclosure ruling, citing a lack of standing.

ARMANDO G. PULIDO
PLAINTIFF

COMPLAINT