IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ARMANDO G. PULIDO,<br>  *Plaintiff*, | §<br>§<br>§ |
| v. | §<br>§ |
| GOODLEAP LLC, NEXBANK,<br>SERVBANK, ANTHONY A. GARCIA,<br>and DOMINIQUE VARNER,<br>  *Defendants*, | §<br>§  MO:24-CV-00267-DC-RCG<br>§<br>§ |
| v. | §<br>§ |
| ARMANDO G. PULIDO and<br>ARACELY PULIDO,<br>  *Counter-Defendants*. | §<br>§<br>§ |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendants Anthony Garcia and Dominique Varner's Motion to Dismiss and Request for Attorney Fees. (Doc. 11).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Defendants' Request for Attorney Fees be **DENIED**. *Id*.

### I.   BACKGROUND

On October 22, 2024, Plaintiff Armando Pulido ("Plaintiff"), proceeding *pro se*, filed his Original Complaint against Goodleap LLC, formerly known as Loanpal LLC; NexBank; ServBank; and NexBank's Attorneys Anthony Garcia and Dominique Varner. (Doc. 1). Plaintiff alleges three causes of action: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, against Goodleap LLC; (2) breach of contract against Goodleap LLC; and

---

[1]. All page number citations are to CM/ECF generated pagination unless otherwise noted.

(3) wrongful foreclosure against NexBank, ServBank, and NexBank's Attorneys Anthony Garcia and Dominique Varner. *Id*. at 3–4.

Plaintiff's relevant factual allegations as to NexBank's Attorneys Anthony Garcia and Dominique Varner (collectively, "Defendant Attorneys") are as follows. On June 15, 2020, Plaintiff entered into a line of credit agreement with Loanpal LLC—now Goodleap LLC—for financing related to home improvements. *Id*. at 2. Plaintiff alleges Loanpal LLC did not provide him and his wife with the necessary disclosures under TILA. *Id*. Upon discovering this alleged violation, Plaintiff sought to rescind the loan, but Loanpal LLC refused to acknowledge the recession and did not return the loan proceeds. *Id*. On August 19, 2024, Plaintiff states NexBank assigned its interest in the mortgage to ServBank; however, NexBank still initiated foreclosure proceedings against Plaintiff's property. *Id*. Plaintiff asserts NexBank and Defendant Attorneys "misled the state court by continuing to proceed with the foreclosure, knowing that it has no legal standing after the assignment." *Id*. at 3.

On November 8, 2024, Defendant Attorneys filed a 12(b)(6) Motion to Dismiss themselves from the suit under the affirmative defense of attorney immunity. (Doc. 11). Further, Defendant Attorneys seek attorney fees in the amount of $812.50. *Id*. Plaintiff filed a Response, albeit untimely,[2] on December 27, 2024. (Doc. 16). Accordingly, this matter is ripe for disposition.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

2. Given the Plaintiff's *pro se* status, the Court will consider the Response.

2

*Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted

deductions, or legal conclusions."). "Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

### III.   DISCUSSION

#### A. Attorney Immunity

Defendant Attorneys move to dismiss themselves from this suit under an affirmative defense of attorney immunity. (Doc. 11). Plaintiff alleges Defendant Attorneys represented Plaintiff's lender in foreclosure proceedings of Plaintiff's property located in Odessa, Texas. *Id.*; (Doc. 1 at 1–2). Because Plaintiff asserts a state law cause of action for wrongful foreclosure against Defendant Attorneys that occurred in Texas, the Court will analyze Defendant Attorneys' affirmative defense of attorney immunity under Texas law.

Under Texas law, attorney immunity is a "comprehensive affirmative defense protecting attorneys from liability to non-clients, stemming from the broad declaration . . . that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). The immunity doctrine is "intended to ensure loyal, faithful, and aggressive representation by attorneys employed as advocates by avoiding the inevitable conflict that would arise if they were forced constantly to balance their own potential exposure against their client's best interest." *Ironshore Eur. DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 765 (5th Cir. 2019) (internal quotations omitted). Thus, as a general rule, "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). "Texas courts occasionally grant attorney immunity at the motion to dismiss stage [where] the scope of the

attorney's representation—and thus entitlement to the immunity—[i]s apparent on the face of the complaint." *Ironshore Eur. DAC*, 912 F.3d at 764. "An attorney seeking dismissal based on attorney immunity bears the burden of establishing entitlement to the defense." *Id*. at 765.

Defendant Attorneys argue they have met their burden as Plaintiff's Complaint acknowledges the claim arises from Defendant Attorneys representing Plaintiff's mortgagee in a foreclosure action against Plaintiff's property. (Doc. 11 at 3). The Court agrees. "It is axiomatic that an attorney acting in his representational capacity in a foreclosure proceeding is protected by qualified immunity." *Roberson v. Bank of N.Y. Mellon*, No. 17-CV-00190, 2018 WL 2454158, at *2 (S.D. Tex. May 7, 2018), *R. & R. adopted*, No. 17-CV-00190, 2018 WL 2446593 (S.D. Tex. May 30, 2018); *Deramus v. Shapiro Schwartz, LLP*, No. 19-CV-4683, 2020 WL 3493545, at *3 (S.D. Tex. June 2, 2020); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (citing Texas law for holding attorney immunity applies outside of the litigations context and protects lawyers representing parties in foreclosure proceedings).

However, Plaintiff argues Defendant Attorneys' conduct went beyond the scope of legitimate attorney representation and is not shielded by attorney immunity because they committed fraudulent actions, which are foreign to an attorney's duties. (Docs. 1 at 2, 4; 16 at 1) ("The attorneys representing NexBank in foreclosure proceedings . . . knowingly misrepresented the facts and continued the foreclosure despite knowing that NexBank lacked standing. . . . NexBank's attorney knowingly assisted in filing fraudulent documents and misleading the state court."). Texas courts have routinely held "[m]erely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it foreign to the duties of an attorney." *Cantey Hanger*, 467 S.W.3d at 483; *Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-06-00696-CV, 2008 WL 746548, at *9

5

(Tex. App.—Houston [1st Dist.] Mar. 20, 2008, pet. denied) ("Characterizing an attorney's action in advancing his client's rights as fraudulent does not change the rule that an attorney cannot be held liable for discharging his duties to his client."). Here, Plaintiff characterizing Defendant Attorneys' conduct as fraudulent is a nonstarter because Plaintiff simultaneously provides that their fraud and misrepresentation occurred within the scope of representing NexBank in state court. *Ironshore Europe DAC*, 912 F.3d at 766 ("The *Cantey Hanger* court's rejection of the argument that attorney immunity does not extend to fraudulent and other intentional conduct committed by the attorney in the course of representing his client makes it clear to us that the Supreme Court of Texas would extend immunity to the much less egregious conduct of negligent misrepresentation, whether or not the non-client relied on the negligent misrepresentation.").

Therefore, the Court **RECOMMENDS** Plaintiff's cause of action for wrongful foreclosure against only Defendant Attorneys be **DISMISSED**. (Doc. 11).

### B. Defendants' Request for Attorney Fees

In their Motion to Dismiss, Defendant Attorneys also request attorney fees as "Plaintiff chose to wrongfully name [Defendant Attorneys] as Defendants in this suit, causing [Defendant Attorneys] to spend time responding and filing this Motion." (Doc. 11 at 6). The Court **RECOMMENDS** Defendant Attorneys' Request for Attorney Fees be **DENIED**. *Id*.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendant Attorneys' Motion to Dismiss be **GRANTED** and Plaintiff's claim against Defendant Attorneys be **DISMISSED WITH PREJUDICE**. (Doc. 11). Further, the Court **RECOMMENDS** Defendant Attorneys' Request for Attorney Fees be **DENIED**. *Id*.

SIGNED this 1st day of May, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).