IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ARMANDO G. PULIDO,<br>　　*Plaintiff and Counter-Defendant*, | §<br>§<br>§<br>§ |
| v. | § |
| GOODLEAP LLC and NEXBANK,<br>　　*Defendants*, | §　　MO:24-CV-00267-DC-RCG<br>§<br>§ |
| v. | § |
| SERVBANK,<br>　　*Defendant and Counter-Plaintiff*, | §<br>§<br>§ |
| v. | § |
| ARACELY PULIDO,<br>　　*Cross-Defendant*. | §<br>§ |

## **REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Plaintiff/Counter-Defendant Armando Pulido and Cross-Defendant Aracely Pulido's Motion to Strike, Motion to Dismiss, and Motion for Sanctions, encompassed in one filing. (Doc. 24).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** the Rule 12(f) Motion to Strike, Rule 12(b)(6) Motion to Dismiss, and Rule 11 Motion for Sanctions each be **DENIED**. (Doc. 24).

### I. BACKGROUND

On October 22, 2024, Plaintiff Armando Pulido ("Plaintiff" or "Mr. Pulido"), proceeding *pro se*, filed his Original Complaint against Goodleap LLC, formerly known as Loanpal LLC; NexBank; ServBank; and NexBank's Attorneys from a separate action, Anthony Garcia and

---
1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

Dominique Varner. (Doc. 1). Plaintiff alleges three causes of action: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, against Goodleap LLC; (2) breach of contract against Goodleap LLC; and (3) wrongful foreclosure against NexBank, ServBank, and NexBank's Attorneys Anthony Garcia and Dominique Varner. *Id*. at 3–4.

During the pendency of the case, the Court has dismissed the causes of action against NexBank's Attorneys Anthony Garcia and Dominique Varner.[2] (Docs. 28, 30). On November 14, 2024, NexBank and ServBank filed a joint Answer, and ServBank filed Counterclaims against Mr. Pulido and a Crossclaim against Cross-Defendant Aracely Pulido ("Cross-Defendant" or "Mrs. Pulido"). (Doc. 14). ServBank alleges a breach of contract claim against Mr. Pulido and a cause of action for judicial foreclosure against Mr. and Mrs. Pulido. *Id*. ServBank's relevant facts as alleged in its Counterclaims and Crossclaim are as follows.

Mr. Pulido signed a Note, financing $125,001.00 with Loanpal LLC. (Doc. 14 at 4). In financing the Note, Mr. Pulido and his wife, Mrs. Pulido, granted Loanpal LLC a security interest ("Security Instrument") in a piece of real property—2700 Madera Ave, Odessa, Texas 79764. *Id*. The terms of the Note and Security Instrument required Mr. Pulido to make monthly payments beginning July 1, 2021. *Id*. at 5. Mr. Pulido breached the loan agreement and was provided a Notice of Default and Intent to Accelerate, advising him the arrears on the Note were $3,184.73. *Id*. The Notice of Default was not cured. *Id*. On January 5, 2024, Mr. and Mrs. Pulido were both provided a Notice of Maturity/Acceleration of Texas Non-Recourse Loan. *Id*.

About a month later, "Mortgage Electronic Registration Systems, Inc. as Beneficiary, as Nominee for Loanpal, LLC, a Limited Liability Company Its Successors and Assigns, assigned

---

2. Plaintiff has filed a Motion to Set Aside the Order Adopting the undersigned's Report and Recommendation, which dismissed NexBank's Attorneys Anthony Garcia and Dominique Varner. (Doc. 32). This Motion remains pending.

the Note and Security Instrument to Nexbank." *Id*. at 5. NexBank—who at that time held the Note and Security Instrument—"filed its Application for an Expedited Order Under Rule 736 on a Home Equity, Reverse Mortgage, or Home Equity Line of Credit Loan in cause no. D24030327CV in the 358th District Court of Ector County, Texas." *Id*. Then, on August 19, 2024, NexBank assigned the Note and Security Instrument to ServBank. *Id*. ServBank is the current holder of the Note and Security Instrument. *Id*.

On April 21, 2025, Mr. and Mrs. Pulido filed a Rule 12(f) Motion to Strike false and misleading assertions in NexBank and ServBank's Answer and ServBank's Counterclaims and Crossclaims, as well as to strike NexBank and ServBank's affirmative defenses; a Rule 12(b)(6) Motion to Dismiss ServBank's Crossclaim against Mrs. Pulido[3]; and a Rule 11 Motion for Sanctions against NexBank and ServBank's attorney. (Doc. 24). Along with their Motions, which were combined in one document, Mr. and Mrs. Pulido also filed a "Memorandum of Points and Authorities" on the same day. (Doc. 25). Given their *pro se* status and that combining the two filings—save the exhibits—would not exceed the page limitation of a dispositive motion, the Court will consider both. ServBank and NexBank filed a combined Response to both the Motion and the Memorandum on April 22, 2025. (Doc. 27). No Reply was filed and the time to do so has passed. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### 1. Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Although motions to strike are disfavored and infrequently granted, striking

---

[3]. The Court clarifies, based on its understanding, the Rule 12(f) Motion is to strike matters in both the Counterclaims against Mr. Pulido and Crossclaim against Mrs. Pulido, but the Rule 12(b)(6) Motion is only to dismiss the Crossclaim against Mrs. Pulido.

3

certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." *Am. S. Ins. v. Buckley*, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010). Further, "a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979). "An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The defense must be plead "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.*; *Patai v. Marquez Constr. & Maint.*, No. 19-CV-281, 2021 WL 1432698, at *2 (W.D. Tex. Mar. 2, 2021). This "fair notice" pleading requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362. Finally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Stross v. Active Network, LLC*, No. 19-CV-8, 2019 WL 2213883, at *4 (W.D. Tex. May 5, 2019).

    2. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."). "Although dismissal under [R]ule 12(b)(6) may be

appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

### 3. Rule 11 Motion for Sanctions

Rule 11 provides for sanctions against "any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). This rule is "aimed at curbing abuses of the judicial system," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990), and is designed "to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions," *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988). To this end, attorneys are required to sign "[e]very pleading, written motion, and other paper" and must certify to the best of their knowledge—formed after an inquiry reasonable under the circumstances—that allegations and other factual contentions submitted to the court have evidentiary support. *See* FED. R. CIV. P. 11(a), (b)(3); *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 263–64 (5th Cir. 2007); *see also Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006) (stating that an attorney has a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit" (internal quotations omitted)). These obligations are "personal [and] nondelegable," *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989), and they "must be satisfied; [a] violation . . . justifies sanctions." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003).

In determining compliance with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Id.* (internal quotations omitted). "The reasonableness of the conduct involved is to be viewed at the time

6

counsel . . . signed the document alleged to be the basis for the Rule 11 violation." *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991).

### III. DISCUSSION

On November 14, 2024, NexBank and ServBank filed a joint Answer, and ServBank filed Counterclaims against Mr. Pulido and a Crossclaim against Mrs. Pulido. (Doc. 14). Over five months later, Mr. and Mrs. Pulido filed the instant Motions. Thus, as a preliminary matter, Mr. and Mrs. Pulido's Rule 12 Motions to Strike and Dismiss are untimely. Mr. and Mrs. Pulido were required to file an answer to ServBank's Counterclaims and Crossclaim within 21 days. FED. R. CIV. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). Similarly, to timely file a Rule 12(f) Motion to Strike matters from the Answer and Counterclaims/Crossclaim or a Rule 12(b)(6) Motion to Dismiss the Crossclaim, Mr. and Mrs. Pulido were required to make such filings within 21 days of being served the pleadings. FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); FED. R. CIV. P. 12(f)(2) ("The court may act: . . . (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.").

Accordingly, Mr. and Mrs. Pulido's Motions to Strike and Dismiss are therefore untimely and should be denied. Even if the Court were to consider the merits of their Rule 12 Motions—which, given their *pro se* status, the Court will do below—they should be denied.

1. **Rule 12(f) Motion to Strike**

Generally, in their Rule 12(f) Motion, Mr. and Mrs. Pulido ask the Court to (1) strike the false and misleading assertions from NexBank and ServBank's Answer and ServBank's

7

Counterclaims and Crossclaim; and (2) strike NexBank and ServBank's affirmative defenses of estoppel and statute of limitations from their Answer. (Doc. 24 at 1).

Beginning with the assertions, Mr. and Mrs. Pulido request the Court strike NexBank and ServBank's allegations that (1) Mrs. Pulido is a borrower, (2) Mr. and Mrs. Pulido each received two notices of the Right to Cancel, and (3) NexBank had standing to foreclose after the loan was assigned. *Id*. at 9. Mr. and Mrs. Pulido want these allegations stricken because they are "factually false." (Doc. 25 at 6). Even so, motions to strike are disfavored and infrequently granted:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868. Based on review of the Parties' pleadings, the subject of these allegations are highly contested within this action. A court cannot decide a substantial and disputed issue of fact or question of law with no showing of prejudicial harm on a motion to strike. *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020) (citing *Augustus*, 306 F.2d at 868). Thus, the Court should refuse to strike any of the three allegations.

Additionally, Mr. and Mrs. Pulido ask the Court to strike NexBank and ServBank's affirmative defenses of estoppel and statute of limitations from their Answer. (Doc. 24 at 1). Their Answer provides:

> Plaintiff's claims are barred by estoppel, including quasi estoppel. Plaintiff already signed acknowledgement he received two notice[s] of the right to rescind when he acquired the loan in question.
>
> Plaintiff's claims are barred by the statute of limitations.

(Doc. 14 at 3). In support of their Motion to Strike, Mr. and Mrs. Pulido argue both defenses are legally defective because (1) acknowledgment forms cannot override statutory protections, (2) failure to deliver disclosures means the 3-day rescission never began, and (3) Mr. and Mrs. Pulido rescinded within 3 years, as allowed by statute. (Doc. 24 at 6). Each of Mr. and Mrs. Pulido's arguments to strike the affirmative defenses rests on the assumption that their version of the facts is correct—specifically, that they did not receive two notices of the right to rescind. The Court need not decide that yet. And courts must deny a motion to strike if there is a factual dispute regarding a defense. *Blount v. Johnson Controls, Inc*, 328 F.R.D. 146, 148 (S.D. Miss. 2018). Thus, NexBank and ServBank's affirmative defenses should not be stricken.

Accordingly, the Court **RECOMMENDS** Mr. and Mrs. Pulido's Rule 12(f) Motion to Strike be **DENIED**. (Doc. 24).

2. **Rule 12(b)(6) Motion to Dismiss**

Mr. and Mrs. Pulido move to have ServBank's cause of action for judicial foreclosure against Mrs. Pulido dismissed. (Doc. 24 at 1). Their argument seems to be, simply, Mrs. Pulido was not a borrower on the loan, thus she cannot be a part of the foreclosure action.[4] (Doc. 25 at 4). In support, Mr. and Mrs. Pulido cite to two cases—"Cortez v. Keystone Bank, 2020 WL 4350368" and "Lopez v. Bank of America, 2016 WL 4097108"—with alleged holdings that a spouse whose name appears only on the deed of trust but not the loan documents cannot be foreclosed upon. *Id*. However, these cases do not exist.

In contrast, ServBank cites to *Wilmington Tr., Nat'l Assoc. v. Blizzard*, which is directly on point. 702 F. App'x 214 (5th Cir. 2017). In *Blizzard*, a husband signed a Texas Home Equity Loan. *Id*. at 215. To secure the loan, both husband and wife sign a Deed of Trust granting the

---

4. Mr. and Mrs. Pulido also make arguments surrounding their right to rescind the loan and NexBank's lack of standing to foreclose; however, neither of those points pertain to ServBank's foreclosure claim against Mrs. Pulido.

lender a lien on their Texas property. *Id*. Wilmington Trust became the loan's holder and the Deed of Trust's beneficiary and initiated suit against both husband and wife, seeking a judgment to foreclose on the Texas property. *Id*. at 216. Although the husband never made an appearance in the suit, the Fifth Circuit affirmed the district court's holding allowing foreclosure against the wife even though she signed only the Deed of Trust and not the loan. *Id*.

ServBank provides an almost identical fact pattern here. In its pleading, ServBank alleges that while only Mr. Pulido signed the loan documents, both Mr. and Mrs. Pulido granted a security interest in their real property and each were provided with a Notice of Acceleration of the Loan. (Doc. 14 at 4–5). ServBank has sufficiently pleaded a claim for judicial foreclosure against Mrs. Pulido. Accordingly, the Court **RECOMMENDS** Mr. and Mrs. Pulido's Rule 12(b)(6) Motion to Dismiss be **DENIED**. (Doc. 24).

### 3. Rule 11 Motion for Sanctions

Finally, Mr. and Mrs. Pulido move the Court to impose sanctions upon NexBank and ServBank's joint counsel, Michael Weems. They argue Mr. Weems has a conflict of interest and should not be dually representing both NexBank and ServBank. (Doc. 25 at 4). Further, Mr. and Mrs. Pulido request sanctions against Mr. Weems for filing pleadings for improper purposes, that contain unsupported legal and factual assertions, and that are designed to mislead the Court. (Doc. 24 at 8). Ironically, Mr. and Mrs. Pulido are the only parties in this case that are making misrepresentations to the Court in the form of non-existent case citations and hallucinated holdings. But alas, they are the ones requesting sanctions, so the Court will address their Motion.

In response, Mr. Weems explains "NexBank and ServBank have no conflicting interests here. They both want the frivolous, unsupported claims dismissed with prejudice and both seek to do so under estoppel and the statute of frauds." (Doc. 27 at 2). The Court finds no basis to

believe Mr. Weems has a conflict representing both NexBank and ServBank as they seemingly have the same interests. If an impermissible conflict were to arise, Mr. Weems has an ethical obligation to withdraw from representing one or both parties, and the Court has no reason to be believe he would not do so. Accordingly, the Court **RECOMMENDS** Mr. and Mrs. Pulido's Motion for Sanctions be **DENIED**. (Doc. 24).

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Plaintiff and Cross-Defendant's Rule 12(f) Motion to Strike, Rule 12(b)(6) Motion to Dismiss, and Rule 11 Motion for Sanctions be **DENIED**. (Doc. 24).

SIGNED this 11th day of September, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).